## IN THE UNITED STATES FEDERAL DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTIN GRIVICH**<br>8702 Village Drive #1007<br>San Antonio, TX 78217<br><br>vs.<br><br>**MICHAEL GRIESEMER**<br>220 Railroad Drive<br>Warminster, PA 18974<br><br>and<br><br>**JOHNSON MARCH SYSTEMS, INC.**<br>220 Railroad Drive<br>Warminster, PA 18974 | : Civil Action Number:<br>:<br>:<br>:<br>: Jury Trial Demanded<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL COMPLAINT

TO THE HONORABLE, THE JUDGES OF SAID COURT:

Plaintiff, Martin Grivich, by and through his attorney, Daniel Schwartz, Esquire, respectfully represents the following:

### Parties

1. Plaintiff, Martin Grivich, is an adult individual whose current address is 8702 Village Drive #1007 San Antonio, Texas 78217.

2. Defendant, Michael Griesemer, is an adult individual whose work address is 220 Railroad Drive, Warminster, Bucks County Pennsylvania 18974.

3. Defendant, Johnson March Systems, Inc., is a duly registered corporate entity with the Pennsylvania Department of Corporations as of January 31, 1989 with a business address of 220 Railroad Drive, Warminster, Bucks County, Pennsylvania 18974.

## Jurisdiction

4. This Honorable Court has jurisdiction over this matter pursuant to diversity of citizenship under 28 U.S.C. 1332 since Plaintiff and Defendants reside in different states and the amount in controversy exceeds the jurisdictional requirements for diversity.

5. Furthermore, the automobile accident in question occurred in Bucks County, Pennsylvania.

6. Plaintiff, Martin Grivich, is a citizen of Texas.

7. Defendant, Michael Griesemer, is a resident of Pennsylvania.

8. Defendant, Johnson March Systems, Inc., is a Pennsylvania corporation.

9. As such, it is respectfully averred that this Honorable Court has proper subject matter and personal jurisdiction over this case.

## Statement of Case

10. Plaintiff is a truck driver who reported to the property of Defendant, Johnson March Systems, on or about July 18, 2017 to pick up a load for transport.

11. Said property of Johnson March Systems is located at 220 Railroad Drive, Warminster, Bucks County, Pennsylvania, 18974.

12. Defendant, Michael Griesemer, is an employee of Johnson March Systems and was so employed on or about July 18, 2017 and was in the course of his employment on the property of Johnson March Systems at all times relevant hereto.

13. While waiting for loading to be completed, Plaintiff sat in a passenger car in the parking lot of Johnson March Systems, to review his travel route and prepare for departure.

14. Plaintiff was seated in the front passenger seat of the vehicle.

15. Suddenly and without warning, Plaintiff heard a loud engine roar and tires burning rubber when the vehicle he was sitting in was violently struck by another vehicle in the passenger side where he was seated.

16. The violent collision sent Plaintiff flying inside the vehicle and crushed the passenger side of the vehicle so badly that Plaintiff had to crawl to the driver's side door to exit the vehicle.

17. Plaintiff immediately felt blackout type symptoms, pain, injury, dizziness, eye sight problems and other ailments.

18. It was determined that Defendant, Michael Griesemer, was operating the vehicle that violently struck Plaintiff.

19. In fact, Michael Griesemer was operating a large Hummer SUV and was operating said vehicle in a flagrant willful and wanton disregard for the safety and well being of Plaintiff and/or other people in the area.

20. As a result of the automobile accident described herein Plaintiff sustained injuries including but not limited to:

    a. Back pain with related ailments.
    b. Neck pain with related ailments.
    c. Shoulder pain with related ailments.
    d. Chest pain with related ailments.
    e. Contusions and bruising with related ailments.
    f. Concussion, brain injury, post-concussion symptoms with related ailments.
    g. Memory problems, balance problems, sleep disorder and related ailments.
    h. Anxiety, stress, humiliation, and other related emotional and psychological ailments.
    i. Nerve damage, disc narrowing, and other related ailments.
    j. Such other injuries and ailments that continue and will be ongoing and permanent.

21. As a result of the automobile accident and injuries described herein Plaintiff has been receiving medical care and will require future and permanent medical care. Said care has included but is not limited to:

    a. Extensive and ongoing medical appointments and physical therapy.
    b. Several surgical procedures for nerve pain, damage and related ailments.

    c. Injections for rotator cuff injuries and related ailments.

    d. Eye treatment and care.

    e. Tendon damage care.

    f. Such other care and treatment that remains ongoing and permanent.

22. As a result of the automobile accident described herein Plaintiff has missed extensive time from work and it is believed and therefore averred that said wage losses exceed One Hundred Thousand Dollars and said wage loss will be ongoing and permanent.

23. Plaintiff continues to suffer damages, detriment, financial loss and other injuries as a result of the automobile accident described herein.

## COUNT 1
### Martin Grivich vs. Michael Griesemer

24. All preceding paragraphs are incorporated herein.

25. The injuries and damages sustained by Plaintiff are the direct and proximate result of Michael Griesemer violently crashing his vehicle in to a vehicle being occupied by Plaintiff.

26. It is believed and therefore averred that Michael Griesemer was "showing off" for other employees of Johnson March Systems when he was revving his engine loudly and burning rubber with his tires.

27. It is believed and therefore averred that Michael Griesemer demonstrated willful, wanton, reckless behavior that was so egregious and dangerous that punitive damages should be awarded to Plaintiff.

28. The accident described herein was caused by the behavior of Michael Griesemer that includes but is not is not limited to:

   a. Driving his vehicle at an unsafe speed.

   b. Failing to keep his vehicle under control.

   c. Failing to stop in time to avoid crashing in to Plaintiff.

   d. Failing to recognize the dangers and risks that were readily apparent.

   e. Driving his vehicle in a reckless manner.

   f. Driving his vehicle in a manner that was so contrary to accepted standards of safety and well being that it posed a significant risk of danger and injury to Plaintiff and others.

   g. Revving his engine at high speed and high acceleration before moving.

   h. Burning rubber and having his tires spin at high speed and high acceleration before moving.

   i. Failing to warn others, including Plaintiff, of his "show off" display of driving.

   j. Such other actions and behavior that may be discovered as this case moves forward.

   WHEREFORE, Plaintiff respectfully requests that Judgement be entered in his favor and against Michael Griesemer for all damages, including punitive damages, in an amount determined by the trier of fact.

## COUNT 2
### Martin Grivich vs. Johnson March Systems, Inc.

29. All preceding paragraphs are incorporated herein.

30. At all times relevant hereto, Michael Griesemer was an employee of Johnson March Systems.

31. The injuries and resulting damages to Plaintiff set forth herein occurred on the property of Johnson March Systems.

32. Plaintiff was invited on to the property of Johnson March Systems to pick up a load and transport said load to another destination.

33. Johnson March Systems had a duty to provide a safe, secure and protective environment to Plaintiff.

34. Johnson March Systems failed to provide a safe, secure and protective environment to Plaintiff which resulted in injuries and damages to Plaintiff as set forth herein.

35. Johnson March Systems failed to properly train, hire, supervise, control or otherwise prevent their employees, including Michael Griesemer, from causing the damages and injuries set forth herein.

36. Johnson March Systems are vicariously liable for the damages and injuries caused by Michael Griesemer to Plaintiff.

37. Johnson March Systems are liable under the doctrine of Respondeat Superior for the damages and injuries caused by Michael Griesemer to Plaintiff.

38. Johnson March Systems are vicariously liable for all damages, including punitive damages, for the behavior and actions of Michael Griesemer that caused injury and detriment to Plaintiff.

39. Johnson March Systems are liable under the doctrine of Respondeat Superior for all damages, including punitive damages, for the behavior and actions of Michael Griesemer that caused injury and detriment to Plaintiff.

40. Johnson March Systems failed to call police, an ambulance, or provide any medical care to Plaintiff at all, which worsened and aggravated his injuries and damages.

41. Johnson March Systems threatened Plaintiff that he needed to complete his transport even though he was injured, or he would be personally liable for failing to

WHEREFORE, Plaintiff respectfully requests that Judgement be entered in his favor and against Johnson March Systems for all damages, including punitive damages, in an amount determined by the trier of fact.

Respectfully submitted,

DISK

Daniel Schwartz, Esquire
PA Attorney Number: 76262
P.O. Box 100
2370 York Road
Jamison, PA 18929
phone: (215) 491-3500
fax:    (215) 491-3600
email:  SchwartzEsquire@aol.com

## **Verification**

I, _MARTIN Grivich_, do hereby swear, verify and/or affirm that the statements made in this document are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to penalties of 18 Pa.C.S.A. 4904 relating to unsworn falsification to authorities.

Date _6-10-19_                            _[signature]_